9999

STATE v. MATHIS.

(96 S. E. 257.)

WITNESSES—QUALIFICATIONS—DETERMINATION.—In a criminal prosecution, where a small negro boy eight years old testified for the State, it was not error for the trial Court to refuse to test him as to whether he was a proper witness, he having answered 18 questions before objection, where the Court advised counsel that he might test the witness on cross-examination as to capacity.

Before MEMMINGER, J., Clarendon, Spring term, 1917. Affirmed.

C. H. Mathis was convicted of trafficking in seed cotton, contrary to statute, and he appeals.

*Messrs. DuRant* and *Ellerbe,* for appellant, cite: *As to right of defendant to have trial Judge to pass upon the competency of a witness after he is sworn:* Jones on Evidence, sec. 796, p. 1000; 13 Mass. (19 Pick.) 202; 55 S. C. 37; 7 T. R. 300; 2 Nott & McCord, 309; (Kan. 1894) Civil Code, sec. 323, subd. 2; 53 Kan. 669; 37 Pac. 172; 50 Cent. Dig. 239; 12 App. 127 (50 Cent. Dig. 239); 148 N. W. 1029; (19 Am. Digest, 1914, 2198); 48 Me. 327 (50 Cent. Dig. 241); 71 Am. Dec. 629; 17 S. E. 947; 10 Cal. 66 (19 L. R. A.

609) ; 40 Cyc. 2237. *As to presumptions and burden of proof:* 40 Cyc. 2239.

*Messrs. P. H. Stoll, Solicitor,* and *P. H. Davis,* for respondent.

June 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Verdict of guilty of trafficking in seed cotton, contrary to the statute. Appeal upon one ground only.

During the trial a small negro boy, who testified he was eight years old, was sworn by the State, and had answered 18 questions when this interlocutory discourse which constitutes the basis of the appeal occurred:

"Mr. DuRant: I don't know how old this witness is, but it' looks to me like he is very immature. I think it would be well for him to be tested by the Court to see whether he is a proper witness or not. Mr. Davis: He ought to have raised that before he was sworn. Mr. DuRant: I don't think that objection has got to be made. Court: Those objections have to be made before the witness is sworn. Mr. DuRant: I never saw him in my life before. Court: To test his credibility, the counsel can do that on cross-examination—an absolute objection as a witness must be made before he is sworn."

The gravamen of the objection to the witness was that his tender years forbade him to understand his obligation to speak the truth; and, when objection on that ground was made, the Court ought to have made the inquiry and decided the issue. Of such understanding by the witness the Court was judge; and the usual procedure in such a case is had upon sugggestion made to the Court, before the witness begins to testify, and before he is sworn, that the witness does not understand the obligation of an oath. Thereupon

the Court proceeds to propound questions to the witness to discover if the witness does know that he ought to speak truly, and the witness is accepted or rejected as the Court finds the fact. But a trial is had to determine vital issues upon the best evidence to be had, and testimony ought not to be accepted or rejected by the application of overnice rules or art, unless, as is sometimes the case, there is no escape from the rules. If, therefore, after a witness has been sworn and has proceeded to testify, it should then be discovered on the direct or on the cross-examination, or otherwise, that the witness has no sense of obligation to speak truly, the Court would have full power, and the duty would rest on it to stop the examination and to withdraw from the jury all the witness had said.

In the instant case while the Court did rule that the objection to the witness on the ground stated ought to have been made before the witness had been sworn, yet the Court also advised counsel that he might test the witness to the point by a cross-examination. That was not done by counsel. Had it been done, and had it revealed the incompetency of the witness, it would have been the Court's duty to reject the witness. But the Court could not so act in the absence of proof. The Court never held that it would not so act upon proof. But aside from this issue of law, we know that a child eight years old is generally fit to testify to the simple circumstances about which this witness did testify, and there is nothing to show that this child was exceptional. The record does not disclose any moral defect in the child, nor does it show wrong done, or suggest any miscarriage of justice; it only shows that a child eight years old testified to a simple transaction.

The judgment is affirmed.